# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. STRAUS, LAURENCE A. STRAUS AND WILLIAM M. STRAUS, Plaintiffs, | CIVIL ACTION |
| v. | |
| UNITED STATES POSTAL SERVICE, Defendant. | NO. 16-4117 |

## MEMORANDUM OPINION

In ruling on cross motions for summary judgment in this dispute between the owners of a property which has been rented for decades by Defendant United States Postal Service ("USPS") to house the Richmond Station Post Office, the Court held that USPS had legitimately exercised an option to purchase the property at a fixed price. The Court granted USPS specific performance. It also ruled that Plaintiffs were entitled to holdover rent "for the period [USPS] has occupied the building through to the closing of the sale of the property to USPS." The Court's decision was premised on its conclusion, from a reading of USPS's brief, that USPS had not responded to, and therefore had conceded, Plaintiffs' argument that they were entitled to holdover rent.

USPS attached to its summary judgment motion a comprehensive draft "Order and Judgment." Having issued an opinion on the Motion for Summary Judgment, the Court allowed Plaintiff time to file objections to the proposed order, and Plaintiff took the opportunity to do so. Many of the objections raised by Plaintiffs were resolved by Defendant's response to those objections. One issue, according to Plaintiffs, remains unresolved – the proposed order does not include an amount for holdover rent and they contend, given the Court's summary judgment

opinion, it should. USPS counters that it should not be required to pay holdover rent and, because it believes that the Court erred in deciding otherwise, it has filed a motion for reconsideration of that portion of the Court's decision.

USPS's motion for reconsideration is premised on its contention that the Court's decision regarding holdover rent was based on a "clear error of law or fact" which must be corrected. *See U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To find "clear error," the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). The Court agrees that its decision that USPS is required to pay holdover rent is a clear error. More specifically, the Court's ruling that Plaintiffs were entitled to holdover rent was based on its understanding that USPS, by not contesting in its briefing that the Plaintiffs were entitled to holdover rent, had conceded the issue. *See Straus v. U.S. Postal Serv.*, --- F. Supp. 3d ---, 2017 WL 5157679, at *5 (E.D. Pa. 2017) ("USPS has not challenged . . . and, has accordingly, conceded that it is a holdover tenant."). Plaintiffs had argued that USPS would owe holdover rent if the Court found that USPS had not properly exercised its option to purchase the property. However, it made no argument as to whether holdover rent would be due if the Court determined – as it ultimately did – that USPS had properly exercised its option.[1] Thus, USPS could not have conceded – by failing to contravene the point – that if it exercised the option properly it would owe holdover

---

[1] Even if certain statements in the Straus Brothers' brief could be interpreted to imply that they argued for holdover rent whether or not USPS exercised the option, these would be passing references to the issue that are insufficient to bring it before the Court. *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991) ("A passing reference to an issue in a brief will not suffice to bring that issue before this court.").

rent, because Plaintiff never made the argument.[2]  In holding that holdover rent was due, the Court thus made an error of fact.  In fact, because Plaintiff never argued in its opening brief that holdover rent would be due even if USPS properly exercised the option, Plaintiff waived that argument.  *See Laborers Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief").

This error of fact resulted in the Court also making an error of law concerning the owner of the property after determining the fixed price option was properly exercised by USPS.  The Court should have concluded USPS was the equitable owner after it exercised the option.  *See S. R. A., Inc. v. Minnesota*, 327 U.S. 558, 565 (1946) ("Contracts for the sale of land transfer to the purchaser the equity in the land. . . .  That equity is realty.  It was owned by the vendee.  The [seller] retains only a legal title as security.").  This conclusion affects the equitable relief awarded, which should place the parties in the position "that the performance due under [the] contract would have produced." *Lary v. U.S. Postal Serv.*, 472 F.3d 1363, 1369 (Fed. Cir. 2006); *see also Castle v. Cohen*, 840 F.2d 173, 180 (3d Cir. 1988) (affirming specific performance order of district court, which ensured "the trustees the benefit of their bargain").  Thus, no holdover rent was due by law, as USPS was the equitable owner of the property and was not a holdover tenant. *See, e.g.*, *U.S. Postal Serv. v. Jamke*, 2017 WL 1650625 (E.D. Cal. May 2, 2017) ("at no point was USPS a holdover tenant" where it was the equitable owner).

---

[2] In defense of the original award of holdover rent, the Straus Brothers suggest the only relevant questions for holdover tenancy are whether the lease expired and whether the lessee continued to occupy the premises without renegotiating the lease.  *See U.S. Postal Serv. v. Sunshine Dev., Inc.*, 674 F. Supp. 2d 619, 627 (M.D. Pa. 2009) (noting "an implied duty to vacate is an inherent part of every fixed term lease agreement.").  However, the Straus Brothers did not advance this argument at the summary judgment stage, and on a motion for reconsideration, a party "should not raise new arguments that the party could have made previously." *See Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).  Moreover, the failure to raise this argument at summary judgment means the Court never considered – much less found – that USPS was a holdover tenant as a matter of holdover tenancy law.

An appropriate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**