# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL S. STRAUS, LAURENCE A. STRAUS AND WILLIAM M. STRAUS, Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| **UNITED STATES POSTAL SERVICE, Defendant.** | **NO. 16-4117** |

## ORDER AND JUDGMENT

**AND NOW**, this 6th day of February, 2018, upon consideration of the following:

- This Court's Opinion dated November 7, 2017 (ECF No. 37) and accompanying Order (ECF No. 38);

- Defendant's Motion for Reconsideration (ECF No. 40), Plaintiffs' Response to the Motion (ECF No. 44), and Defendant's Reply thereto (ECF No. 45);

- Defendant's Proposed Order accompanying its Motion for Partial Summary Judgment (ECF No. 24-2), Plaintiffs' Objections to the Proposed Order (ECF No. 39), and Defendant's Response to Plaintiffs' Objections (ECF No. 41); and,

- Oral argument held on January 3, 2018,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **GRANTED** and that part of this Court's November 7, 2017, Opinion and Order (ECF Nos. 37 and 38) granting holdover rent to Plaintiffs is **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiff's request for reimbursement of real estate taxes is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that final judgment is entered in favor of Defendant on its counterclaims and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that:

1. Plaintiffs shall complete the closing and transfer of all right, title and interest in the property known as Richmond Station Post Office (located at 2001 E. Willard Street and 3251 Emerald Street, Philadelphia, Pennsylvania 19134) to Defendant within 30 days after the filing of this Judgment ("Closing Date"), on the terms and conditions set forth below, in exchange for $240,000, which sum has been deposited in escrow by the United States Postal Service ("USPS");

2. Defendant shall prepare the deed, which shall be a special warranty deed and provide the draft deed to Plaintiff ten business days before the Closing Date;

3. No later than five business days before the Closing Date, Plaintiff shall provide to Defendant the properly executed deed of conveyance to vest fee simple title to the property in the USPS that is good and marketable whereby such deeds are insurable at customary rates and sufficient to meet all recording requirements in the County of Philadelphia, Pennsylvania;

4. No later than five business days before the Closing Date, both parties shall submit all documents required by the title company or closing agent selected by Defendant to complete the closing of the sale of the property to USPS and to vest fee simple title in USPS that is good and marketable and insurable at customary rates. Both parties shall cooperate with the title company or closing agent to the extent any other documents or actions are necessary to transfer such fee simple title that is good and marketable and insurable to the USPS on the Closing Date;

5. After title is conveyed in accordance with this order, fee simple title shall be deemed, by this order, to have vested in USPS as of July 31, 2016, the date that conveyance of the property to USPS would have occurred but for Plaintiffs' breach, and the Plaintiffs shall be

deemed to have no rights, title, or interest in the property as of such date. This order may be recorded in the official records of Philadelphia County, Pennsylvania;

6. Plaintiff shall pay such costs or take such actions as may be required by the title company or closing agent to convey fee simple title to the property to USPS on the Closing Date free and clear of: (a) any taxes or assessments, whether or not shown as existing liens as of the Closing Date by the records of any taxing authority or by the Public Records; (b) any rights, interest, or claims of third parties to the property, if any; and, (c) any and all other liens or encumbrances, defects, adverse claims, or other matters, if any;

7. In the event Plaintiffs fail to make payments as required by Item 6 above, then USPS may deduct the amounts necessary to remove such taxes, liens, and encumbrances from the purchase price otherwise due under the provisions of the lease. The title company or closing agent will allow these deductions from the purchase price in accordance with this Order;

8. Plaintiffs' obligations pursuant to this Order are joint and several;

9. Both parties shall be liable for any costs caused by their failure to abide by this order, including, without limitation court costs and legal fees that may be incurred by either party to enforce it; and,

The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**